DANIEL PRÁXEDES y DOLORES CELESTINA NADAL QUIJANO, demandantes y apelados *v.* MARIANO DANIEL ANTONIO NADAL Y LUGO, representado por su madre con patria potestad, DOÑA RAMONA LUGO, y OSCAR E. BRAVO, demandados y apelante el primero.

No. 5580.—*Sometido:* Mayo 4, 1932.—*Resuelto:* Noviembre 28, 1932.

*J. Alemañy Sosa,* abogado del apelante; *Oscar Souffront,* abogado de los apelados; *J. Sabater,* abogado de Bravo.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Ramón Nadal y Freyre era dueño, a su fallecimiento, de una finca rústica denominada Hacienda Carolina, que se describe en la demanda. En las operaciones particionales de la herencia del mencionado Sr. Nadal y Freyre, se adjudicaron al demandado Mariano Daniel Antonio Nadal y Lugo seis séptimas partes de dicha finca, omitiéndose hacer disposición alguna de la otra séptima parte. Los demandantes en este caso, en unión del demandado, son los únicos herederos del mencionado Ramón Nadal y Freyre. La corte inferior declara en sus conclusiones de hecho que no se hizo adjudicación ni se valoró la referida séptima parte por creerse en dicha fecha que el causante era dueño única y exclusivamente de un condominio de seis séptimas partes de dicha Hacienda Carolina, ignorándose que el causante hubiese adquirido la otra séptima parte con anterioridad a su muerte. Los demandantes, en su carácter de herederos del Sr. Nadal y Freyre, reclaman el condominio que alegan pertenecerles en dicha séptima parte con los frutos percibidos. El demandado acepta que se le adjudicaron las seis séptimas partes del inmueble, pero alega que esto se hizo por error y niega que los demandantes tengan derecho cada uno al condominio que reclaman, alegando que el valor dado a dicha finca en su totalidad en las operaciones particionales fué el mismo de la tasación oficial, o sea $4,662.86, y que por esta misma suma fué que se le hizo la adjudicación de ella al demandado, aunque haciendo constar erróneamente que el causante solamente era dueño de seis séptimas partes de dicha finca, cuando en realidad era dueño de la totalidad de la misma, y se hacía la adjudicación al demandado por la totalidad de su valor.

La corte inferior declaró con lugar la demanda, desestimó la contrademanda interpuesta por el demandado y condenó a éste al pago de las costas.

El demandado apelante atribuye a la corte inferior varios errores, pero en realidad la única cuestión a resolver en este caso es si los demandantes son dueños o no del condominio que alegan tener en la finca Hacienda Carolina. Las partes están conformes en que don Ramón Nadal y Freyre era dueño al morir de la totalidad de la referida finca y en que al hacerse la partición de bienes se adjudicaron al demandado, en pago de su haber hereditario, seis séptimas partes de la misma, que son las únicas que aparecen en el inventario. La corte *a quo,* en sus conclusiones de hecho, declara que la otra séptima parte la adquirió don Ramón Nadal y Freyre por compra a doña Dolores Nadal viuda de Gálvez, que la totalidad de la finca está arrendada a don Oscar Bravo y que éste ha venido pagando a la viuda de Gálvez y a su sucesión una séptima parte del canon de arrendamiento como si esta señora hubiese sido la dueña de la porción de la finca no adjudicada en la partición. Declara también la corte inferior que el importe del arrendamiento de esta séptima parte, pagado a la viuda de Gálvez y su sucesión, fué consignado en la secretaría de dicha corte.

El demandado, para sostener su contención de que la finca le pertenece exclusivamente, arguye que la valoración de la propiedad inmueble adjudicada a los herederos se basó en la valoración oficial para el cobro de contribuciones, y en que a las seis séptimas partes de la finca se les dió el mismo valor de la totalidad, según resulta de la tasación oficial.

En el expediente testamentario de Ramón Nadal y Freyre, el contador partidor aparece adjudicando al demandado el condominio de la referida finca en la forma siguiente:

"El condominio de seis séptimas partes (6/7) en la finca denominada Carolina, radicada en el barrio Guanajibo, compuesta de setenta y nueve cuerdas y cincuenta y dos céntimos, inventariada bajo la letra 'B' del número cinco, sección de Fincas Rústicas y valorada en Cuatro Mil Seiscientos Sesenta y Dos Dollars Ochenta y Seis Centavos . . ."

Esta adjudicación fué ratificada más tarde por el árbitro designado por la corte en la siguiente forma:

"El condominio por 6/7 partes de la finca denominada Carolina, o sea todo el interés que el finado tenía en dicha propiedad, está valorado en $4,662.86, y el mismo podría fácilmente venderse en una suma que oscilaría entre $4,500.00 y $5,000.00, toda vez que la renta líquida que paga anualmente la Mayagüez Sugar Company por su arrendamiento es de $300.00."

Tanto el contador partidor como el árbitro hablan de un condominio y especifican claramente que se adjudican al demandado seis séptimas partes de la finca. Es claro que si se le adjudica un condominio no se le está adjudicando la totalidad, que es el dominio completo. El árbitro, al hablar de las seis séptimas partes, dice que es todo el interés que el finado tenía en dicha propiedad, porque no tenía conocimiento de que la otra séptima parte de la finca le pertenecía al mencionado Ramón Nadal y Freyre. En dicho expediente testamentario se adjudican claramente al demandado y se mencionan en repetidas ocasiones las seis séptimas partes de la finca y se dice cómo adquirió el causante este condominio. Además las rentas correspondientes a la séptima parte no adjudicada se pagaban a la señora viuda de Gálvez y no al demandado. La finca fué arrendada al Sr. Oscar Bravo en 8 de diciembre de 1925. Resulta claro, y así lo admite el demandado en su alegato, que esta séptima parte de la finca no se incluyó en la partición, porque se ignoraba entonces por los interesados que pertenecía al Sr. Ramón Nadal y Freyre, y siendo ello así, fuerza es concluir que no pudo haber sido la intención de las partes disponer de una propiedad de la cual no tenían conocimiento de que fuera dueño el referido causante.

En cuanto a la valoración de las seis séptimas partes, la conclusión más razonable, dada la claridad de la prueba, es que las partes que intervinieron en la partición convinieron, a sabiendas, en valorar el referido condominio en la cantidad de $4,662.86, sobre todo cuando el mismo árbitro dice en su

informe que este condominio podría fácilmente venderse en una suma que oscilaría entre $4,500 y $5,000.

El demandado alega que la corte inferior cometió 'error al condenarle al pago de las costas. Desestimamos este error, porque opinamos que la corte estuvo justificada en hacer dicho pronunciamiento en el ejercicio de su discreción.

*Debe confirmarse la sentencia apelada.*